CHRISTOPHER A. MURRAY, BY HIS NEXT FRIEND AND GUARDIAN, ESTHER MURRAY, PETITIONER-RESPONDENT, v. HUDSON DISPATCH, A NEW JERSEY CORPORATION, RESPONDENT-APPELLANT.

Hudson County Court
Law Division

Decided October 19, 1956.

*Mr. Mortimer Wald,* attorney for petitioner-respondent.

*Messrs. Platoff, Platoff & Heftler (Mr. Robert G. Platoff,* appearing), attorneys for respondent-appellant.

NIMMO, J. C. C.   This is an appeal from the Division of Workmen's Compensation in favor of the petitioner.

At 6:30 o'clock on the morning of September 12, 1951 petitioner, then 14 years old, was injured while delivering newspapers for the respondent in a residential area.   The child by his guardian filed a petition for disability benefits with the Division of Workmen's Compensation.   After a full hearing the deputy director awarded the petitioner $468.50 for temporary and $825 for permanent disability. In addition, for permitting the child to be employed without

a "special permit" pursuant to *N. J. S. A.* 34:2–21.15, he assessed against the respondent, individually, a like sum in accordance with *N. J. S. A.* 34:15–10, the pertinent paragraph of which reads as follows:

"*   *   * If the injured employee at the time of the accident or compensable occupational disease is a minor under fourteen years of age employed in violation of the labor law *or a minor between fourteen and eighteen years of age employed, permitted or suffered to work without an employment certificate or special permit if required by law* or at an occupation prohibited at the minor's age by law, *a compensation or death benefit shall be payable. to the employee or his dependents which shall be double the amount payable under the schedules* provided in sections 34:15–12 and 34:15–13 of this Title." (Emphasis supplied)

This appeal calls into issue the legal propriety of the additional assessment. The respondent contends that our Child Labor Act, and more particularly section 15 of *N. J. S. A.* 34:2–21, does not require a 14-year-old newsboy to have a "special permit." The petitioner argues to the contrary. This court's function then, is to first determine whether or not a "special permit" is required for such a youngster by our act.

*N. J. S. A.* 34:2–21.7 reads in part as follows:

"Except as permitted under section fifteen, no minor under eighteen years of age shall be employed, permitted, or suffered to work in, about, or in connection with any gainful occupation, unless and until the person employing such minor shall procure and keep on file an employment certificate or special permit for such minor, issued by the issuing officer of the school district in which the child resides, or of the district in which the child has obtained a promise of employment if the child is a nonresident of the State; *provided, that no certificate or special permit shall be required for any child sixteen years of age or employed in agricultural pursuits.*" (Emphasis supplied)

With respect to the hours between which children may be employed, the Legislature provided in *N. J. S. A.* 34:2–21.3 that

"Except as provided in section fifteen *   *   * no minor under eighteen years of age shall be employed, permitted, or suffered to

work in, about, or in connection with any gainful occupation more than six consecutive days in any one week, or more than forty hours in any one week, or more than eight hours in any one day, *nor shall any minor under sixteen years of age be so employed, permitted, or suffered to work before seven o'clock in the morning or after six o'clock in the evening of any day;* nor shall any minor between sixteen and eighteen years of age be so employed, permitted or suffered to work before six o'clock in the morning or after ten o'clock in the evening of any day * * *." (Emphasis supplied)

Since the ultimate conclusion of this court will rest upon its interpretation of the proviso to *N. J. S. A.* 34:2–21.15 it might be well to set forth this entire section.

*N. J. S. A.* 34:2–21.15 "Street trade; agricultural pursuits; ages when permitted; special permits

No boy under fourteen years of age and no girl under eighteen years of age may engage in any street trade, which term, for the purpose of this section, shall include the selling, offering for sale, soliciting for, collecting for, displaying, or distributing any articles, goods, merchandise, commercial service, posters, circulars, newspapers or magazines or in blacking shoes on any street or other public place or from house to house. No child under twelve years of age may be employed in agricultural pursuits.

Whenever a child under sixteen years of age desires to work during such times as the schools of the district in which he resides are not in session in any street trade or in agricultural pursuits, the parent, guardian or other person having the custody and control of the child may file with the issuing officer in the school district in which the child resides an application for a special permit authorizing such work. Such application shall show the exact character of the work the child is to do, and the hours and wages and special conditions under which said work is to be performed.

If upon investigation it is found that the facts set forth in the application are true and that the work will not interfere with the child's health or standing in school, the issuing officer shall, upon presentation to him of the same proof of age as is required for the issuance of an employment certificate, issue a special permit, allowing the child to work at such times as the public schools in the district are not in session, but such work except in agricultural pursuits to be otherwise subject to the maximum hours of labor provisions set for minors under sixteen years of age in section three of this act; *provided, that nothing in this section shall prevent boys between twelve and fourteen years of age from delivering, soliciting and collecting for newspapers and magazines over routes in residential neighborhoods at such times and under such conditions as are not prohibited in this act and boys between fourteen and sixteen years of age from delivering and selling newspapers and magazines*

*between the hours of five-thirty o'clock in the morning and six o'clock in the evening of any day; and provided, further,* that children engaged in agricultural pursuits may be employed no more than ten hours per day.

Such special permit shall show the name, address, and date of birth of the minor for whom it is issued, the kind of proof of age submitted, the nature of the occupation in which the minor is to engage, and such other information as the Commissioner of Education may require.

Any such special permit for work in agriculture shall be issued for a period not to exceed six months and shall show its date of expiration. Any person employing a minor under sixteen years of age in agriculture shall obtain such a certificate from the minor and keep it on file during the period of the minor's employment and shall return it to the minor to whom it is issued upon termination of his employment." (Emphasis supplied)

Courts are constantly called upon to interpret legislation, and the rules they must follow are settled and clear. As was recently stated in *Leonard v. Werger,* 21 *N. J.* 539, 543 (1956):

"* * * no tenet of statutory construction is more firmly settled than the rule of interpretation that the court should bring the operation of a statute within the apparent intention of the Legislature, *Sperry & Hutchinson Co. v. Margetts,* 15 *N. J.* 203 (1954), and, as between two possible constructions of it, adopt that interpretation which effectuates rather than defeats the legislative purpose. *State Department of Civil Service v. Clark,* 15 *N. J.* 334 (1954)."

As may be gleaned from its preamble, the Child Labor Act was designed to limit and regulate child labor. Our Legislature is concerned not only with certain types of work which may be detrimental to children, but also whether certain children should be permitted to be employed at all, lest the individual child might be impeded in his progress, his health injured, or his education interfered with. To this end, our Legislature (in the Child Labor Act) enumerates generally what employments children in specified age groups may and may not be engaged in. Since a particular child may be impeded in his progress, his health injured or his education interfered with even in a permissive employment, the Legislature has provided that a child desiring such

employment must obtain a "special permit" or "certificate," which is issued by an educator designated by the board of education of the child's school district, *N. J. S. A.* 34:2–21.1. The "issuing officer" in each case is to determine, before issuing a permit, whether the particular employment will impede, injure or interfere with the progress, health or education of the particular child, *N. J. S. A.* 34:2–21.8 and *N. J. S. A.* 34:2–21.15. And such restriction is present when a child desires employment before or after school hours.

It is universally recognized today that the education of children merely begins in the classroom and that crafts, extra-curricular activities and just plain play are important to not only the health of our children but to their educational development and progress as well. This court is cognizant of the needs of the financially less fortunate parent whose child would generally be forced to a street trade, and also such parents who are just firmly convinced that work builds some intangible virtue in a child. These interests have been balanced by the Legislature against New Jersey's interest in her children's health and education. The Legislature, as the combined "will" of the people, has acted in favor of the latter. In doing so, however, it was careful not to place an added burden on either the child desiring employment or his parents or guardian. *N. J. S. A.* 34:2–21.16 expressly states that

"No fees or expenses incurred in obtaining any certificates under this act shall be charged to or paid by any child, parent, guardian or other person having custody or control of such a child for any service had under this act."

It is the opinion of this court that the part of the proviso to *N. J. S. A.* 34:2–21.15 which deals with boys between 12 and 14 years old merely distinguishes between what is commonly termed "hawking" newspapers on streets and corners, which through the proviso remains prohibited as per the first paragraph of section 15, and residential route selling, soliciting and delivering which is more clearly and expressly permitted by the proviso. The second part

of the proviso, and that which is directly in issue in the case *sub judice*, merely extends the hours newsboys between 14 and 16 years old may work. Now they may work between 5:30 A. M. and 6:00 P. M. Before this proviso they were only permitted to work between the hours of 7:00 A. M. and 6:00 P. M., pursuant to *N. J. S. A.* 34:2–21.3. This proviso does not do away with the necessity for a "special permit" in either case. Had the Legislature desired to do away with this necessity it could easily have done so by stating that no permits were required, as it did for children between 16 and 18 years old employed in agricultural pursuits (see proviso to *N. J. S. A.* 34:2–21.7, *supra*). To interpret this proviso as eliminating the permit and therefore the investigation and findings upon which it is issued or denied, would compel the conclusion that our Legislature would permit a child between 12 and 16 years old to be a newsboy irrespective of this employment's interference with his health or education. For example, a child of 14 desires a permit for a permissive employment. The "issuing officer" makes the required investigation into the health and scholastic development and progress of the child, and denies a permit on the ground that hours spent in any permissive employment before or after school would interfere with or injure the child's health or education. This child could then, according to the respondent's interpretation of the section 15 proviso, be engaged as a newsboy in disregard of the finding by the "issuing officer." Such an interpretation is illogical and contrary to the public policy expressed in the Child Labor Act.

The respondent raises another question on this appeal. It urges that *N. J. S. A.* 34:15–10 imposes the double penalty upon the employer only if the person injured is an employee, and that the Legislature, as indicated by *N. J. S. A.* 34:15–34, never intended newsboys to be considered employees within this double penalty provision. It concedes that *De Monaco v. Renton*, 18 *N. J.* 352 (1955), held unconstitutional the attempt by *N. J. S. A.* 34:15–36 to completely exclude newsboys from the coverage of the

Workmen's Compensation Act. This attempted exclusion was found by the Supreme Court in the *De Monaco* case to violate the equal protection clause of the Constitution. The respondent now contends that the same illusory classification used as the basis for the general exclusion should be applied to exclude the petitioner from the coverage of *N. J. S. A.* 34:15-10. This contention the court is unable to accept. If the petitioner is an "employee" under the coverage of the Workmen's Compensation Act his character as an "employee" does not vary from section to section.

The judgment of the Deputy Director of the Division of Workmen's Compensation is affirmed.